# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. STOVER, et al.,<br><br>Defendants. | Case No. 1:19-cv-00856-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Ahkeem Deshavier Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, signed on June 6, 2019, and docketed with the Court on June 14, 2019. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

**II.**

**COMPLAINT ALLEGATIONS**

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff filed this complaint while incarcerated however Plaintiff is not challenging his conditions of confinement. Plaintiff brings this action against Defendants Robert H. Stover

("Stover"), identified as a public defender for Kings County, Thomas Snyder ("Snyder"), identified as a district attorney for Kings County, Jason D. Taylor ("Taylor"), identified as a public defender for Kings County, and a "K. vanbindsbergin," identified as a Kings County sheriff. (Compl. 1, ECF No. 1.) Plaintiff's complaint is largely based on events that Plaintiff alleges are part of an effort by police officers in the Hanford police department, in coordination with Kings County prosecutors and public defenders, to frame him. Plaintiff has filed multiple lawsuits in this Court including actions relating to the February 2017 incidents involved in this action.[1]

///

---

[1] In addition to other unrelated actions filed in this Court, Plaintiff has filed numerous actions related in some manner to the instant action. On June 19, 2017, Plaintiff filed Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, wherein Plaintiff alleged violation of due process and false arrest against the officers involved in the animal cruelty incident on February 21, 2017, in addition to a DUI hit and run charge that allegedly occurred on February 5, 2017, incidents which are both connected to the primary claims in this action. The action is still ongoing and appears to be proceeding on Plaintiff's second amended complaint which is awaiting screening. On June 28, 2017, Plaintiff filed Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS, which is nearly identical to the lawsuit filed on June 19, 2017 in its relation to the February 21, 2017 animal cruelty incident and the allegations against the officers involved. United States Magistrate Judge Michael J. Seng recommended dismissing the action without leave to amend. Williams v. Jurdon, No. 117CV00860LJOMJS, 2017 WL 3981405, at *1 (E.D. Cal. Sept. 11, 2017), appeal dismissed sub nom. Williams v. Rivera, No. 18-15076, 2018 WL 7107614 (9th Cir. Oct. 31, 2018). Chief District Judge Lawrence J. O'Neill adopted the findings and recommendations in part and entered judgment against Plaintiff on June 4, 2018, however, before Magistrate Judge Seng's findings and recommendations were adopted, on September 19, 2017, Plaintiff filed Williams v. Leng, No. 1:17-cv-01256-DAD-SKO, an action against Magistrate Judge Seng alleging he violated Plaintiff's constitutional rights by dismissing Plaintiff's lawsuit. The action against Magistrate Judge Seng was dismissed by District Judge Dale. A. Drozd, the District Judge assigned to this action, without leave to amend, under the principle of judicial immunity. Williams v. Leng, No. 117CV01256DADSKO, 2017 WL 8793761 (E.D. Cal. Dec. 8, 2017). On December 19, 2017, Plaintiff then filed Williams v. Drozd, No. 1:17-cv-01707-LJO-EPG, alleging District Judge Drozd violated Plaintiff's due process rights by dismissing Plaintiff's complaint against Judge Seng. On January 4, 2018, Chief District Judge Lawrence J. O'Neill dismissed the action against Judge Drozd without leave to amend under the principle of judicial immunity. Williams v. Drozd, No. 117CV01707LJOEPG, 2018 WL 1787604 (E.D. Cal. Jan. 4, 2018). On January 17, 2018, Plaintiff then filed Williams v. U.S.D.C. Court Clerks, No. 1:18-cv-00071-LJO-SAB, an action against the court clerks of this Court, alleging they interfered with the filing of amended complaints in Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, and Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS. The undersigned recommended dismissing the action without leave to amend because in Williams v. Jordan, No. 1:17-cv-00816-DAD-BAM, a mistaken entry due to Plaintiff's name being incorrectly entered on the docket was corrected and the case was not dismissed for failure to prosecute and is still active, and in Williams v. Jurdon, No. 1:17-cv-00860-LJO-MJS, Plaintiff's objections to the findings and recommendations were properly filed and considered prior to dismissal. Williams v. U.S.D.C. Court Clerks, No. 118CV00071LJOSAB, 2018 WL 558834 (E.D. Cal. Jan. 25, 2018), appeal dismissed sub nom. Williams v. United States Dist. Court, No. 18-15199, 2018 WL 2166247 (9th Cir. Apr. 11, 2018). On March 27, 2018, Plaintiff filed Williams v. Kings County District Attorney's Office, No. 1:18-cv-00416-DAD-SKO, an action against public defender Robert Stover, also named in this action, and against all of the Kings County District Attorneys, which would include the district attorney Snyder named in this action, in relation to Plaintiff's allegation of police officer perjury during the May 3, 2017 preliminary hearing, the hearing at question in this instant lawsuit, and alleging that the prosecutors and public defender Stover knew of the video footage that would prove Plaintiff's innocence. On July 12, 2018, Plaintiff dismissed the action notifying the Court that the video footage in question was located.

3

### A. Fifth Amendment Claim against Public Defender Stover and District Attorney Snyder

Plaintiff first claim is for violation of the Fifth Amendment and is brought against public defender Robert Stover and district attorney Thomas Snyder for aiding in the commission of perjury. (Compl. 4.) On May 3, 2017, Plaintiff had a preliminary hearing in the Kings County Superior Court as a criminal defendant for charges relating to an alleged animal cruelty event on February 21, 2017. (Compl. 4.) Public defender Robert Stover represented Plaintiff at the time of the hearing. (Id.) After reading the officer reports, Plaintiff saw they were full of lies and states there was a miscommunication between him and public defender Stover. (Id.) Plaintiff wrote his own motion to compel production of police officer Larry Leeds' testimony in order to challenge the false reports. (Id.) The state court judge informed Plaintiff that he must use a subpoena to obtain the officers' testimony, not a motion to compel. (Compl. 5.) Plaintiff states that he was already in court by the time he was informed of this and emphasizes that all the district attorney or public defender had to do was ask officer Leeds what he saw in the back yard the day of the incident but did not do so. (Compl. 5.) Because of this, Plaintiff charges that public defender Stover and district attorney Snyder helped the officers commit perjury. (Compl. 6.) Plaintiff claims because of this failure, he was forced to remain in jail longer, and thus was subject to false imprisonment in violation of the Fifth Amendment. (Compl. 4-6.)

Plaintiff then describes at length why he believes the testimony was false and why it would have proven him innocent if the officers were forced to testify, mainly based on the issue of whether the officer in fact viewed the injured or dead animal prior to further investigation at the residence. (Compl. 6.) Plaintiff charges the facts show a conspiracy to keep him imprisoned, and appears to cite the Ku Klux Klan Act of 1871 as a basis for a cause of action against Defendants in this conspiracy to take away his rights and privileges. (Compl. 9-10.)

### B. Fourteenth Amendment Claim for Retaliation against Public Defender Stover

Plaintiff's second claim is for violation of the Fourteenth Amendment brought against Defendant Robert Stover for retaliation. (Compl. 11.) Plaintiff alleges that on May 6, 2018

Stover filed a false report stating Plaintiff threatened him but Plaintiff states that if you read the reports, he did not actually threaten him. (Compl. 11.) Plaintiff states Stover filed the false report in retaliation because Plaintiff threatened him with a lawsuit based on Stover taking part in a conspiracy to commit perjury. (Compl. 11.) It appears Plaintiff's allegations relate to the incident with Hanford police officers on February 21, 2017, and Plaintiff's ongoing issue with public defender Stover relating to Plaintiff's desire to get the police body camera videos from that incident. (Compl. 11.) Plaintiff also avers to another incident on February 5, 2017. (Compl. 11, 13.) Plaintiff states "there is video footage to prove a perjury by officers," that Plaintiff has "been chaseing [sic] Stover down about these videos," and Stover "has given me the run around." (Compl. 11.) Plaintiff states that "by threatening Stover with this lawsuite [sic] he retaliated against me getting charges filed on me which resulted me [sic] being in jail." (Compl. 11.) Plaintiff refers repeatedly to another action filed in this Court, which appears to be <u>Williams v. Kings County District Attorney's Office</u>, No. 1:18-cv-00416-DAD-SKO, described above, in stating that this effort to obtain the video has been ongoing for an extended time.

Plaintiff states he met with Stover at the Kings County Courthouse on May 6 2018, and Stover told Plaintiff he wanted to give the body camera video to Plaintiff through an email, but Plaintiff did not agree for multiple reasons including because Plaintiff was afraid of the threat of tracking software which would invade his privacy, stating "they have already invaded my privacy facebook," and have "stolen emails to try and find error they believe in my pravicy [sic] to humiliate me." (Compl. 12.) Plaintiff alleges this is part of a pattern of Stover not standing up for Plaintiff's rights, citing the fact that on March 26, 2017, Stover waived Plaintiff's right to appear in court, despite Plaintiff wanting to go to the court to explain he was framed by the Hanford Police Department for the events on February 21, 2017. (<u>Id.</u>) Plaintiff states that he was treated badly by court officials, appearing to reference an incident on May 15, 2018, when Plaintiff argued with the court officers regarding searching his items, and such events would not have happened if Stover had fought and got evidence in the court previously. (Compl. 13.) Plaintiff alleges that on March 26, 2017, Stover would not let Plaintiff go to court to prove his innocence, and Plaintiff "didn't fight them [he] just made them drag [him] to [his] cell and [he]

got charged." (Compl. 14-15.)

### C. 14th Amendment Claim of Conspiracy to Cover-up against Public Defender Stover and District Attorney Snyder

Plaintiff's third cause of action for conspiracy to cover up in violation of the Fourteenth Amendment is brought against public defender Robert Stover and district attorney Thomas Snyder. (Compl. 16.) The claim appears to be based on the same facts as Plaintiff' first cause of action, essentially alleging a cover-up of the true facts that occurred on February 21, 2017, and the Plaintiff's attempt to elicit testimony through a motion to compel at his preliminary hearing on May 3, 2017. (Compl. 16.) Here Plaintiff states the officers were in fact subpoenaed, and Stover and Snyder failed to raise questions about what the officers saw in the backyard on February 21, 2017. (Compl. 16-17.) Plaintiff also reiterates facts from his second cause of action concerning the difficulties Plaintiff had in receiving video evidence from public defender Stover. Plaintiff alleges that he dismissed another federal action filed in this Court,[2] because Stover let him watch the video evidence in question in court and Stover agreed to give him the video after Plaintiff got out of custody. (Compl. 18.) However, Plaintiff states the CD given to him by Stover of the video does not work, and Stover keeps standing him up.

Here Plaintiff also incorporates additional facts concerning Plaintiff's threat against Stover which Plaintiff claims Stover improperly made a complaint about. (Compl. 18.) Plaintiff states that on May 6, 2019, Plaintiff became frustrated concerning the video and so became argumentative with Stover, and states he told Stover "let's go outside," "which is not a threat." (Compl. 18.) Plaintiff states that because of this, Stover got Plaintiff charged with making a threat. (Compl. 18.) Plaintiff states Stover has been a threat to his freedom and conspired to keep him imprisoned and keep the videos from him. (Id.)

### D. 14th Amendment and 6th Amendment Claims Against Public Defender Jason Taylor

Plaintiff's fourth and fifth claims are against public defender Jason Taylor and both

---

[2] See Williams v. Kings County District Attorney's Office, No. 1:18-cv-00416-DAD-SKO, ECF No. 6, wherein Plaintiff dismissed the action stating the video evidence was received.

6

claims are based on essentially the same facts. The fourth cause of action is brought under the Fourteenth Amendment for violation of due process, and the fifth cause of action is brought under the Sixth Amendment for ineffective assistance of counsel. (Compl. 19-28.) Plaintiff states that on May 9, 2019, public defender Jason Taylor was assigned to represent Plaintiff in Kings County case number 19-cm-2060, but from the start, Taylor has manipulated the court proceedings and deprived Plaintiff of his right to a speedy trial. (Compl. 19.) It appears this state criminal proceeding relates to charges for trespassing and the threat made to public defender Stover in relation to Plaintiff's seeking of the video evidence related to the February 2017 animal cruelty charges. (Compl. 19.)

Plaintiff alleges that he wanted to be at trial quickly and did not want a preliminary hearing but was forced to do so anyway. (Compl. 19.) Plaintiff also alleges that Taylor improperly waived his right to an appearance so that Plaintiff could not go into the court to tell the judge he did not want a preliminary hearing. (Compl. 19.) When the preliminary hearing was held on May 22, 2019, the court set a date to return for June 6, 2019. (Compl. 19-20.) On June 6, 2019, Taylor told Plaintiff that the court wanted to set a trial date in September, and Plaintiff stated he did not agree to that because of his right to a speedy trial and because the process had been manipulated already, and Taylor disagreed. (Compl. 20.) Plaintiff told Taylor to go get a deal, and Taylor came back and said the deal was nine years. (Compl. 20.) Plaintiff states he was willing to take the deal, and then challenge in the Ninth Circuit Court of Appeals. (Id.) Then Plaintiff asked Taylor how long it would take to file a motion to dismiss and Taylor said the only way to do so is to set the trial date for September, which Plaintiff did not agree to, and Taylor said they would let the judge figure it out. (Compl. 20-21.) The judge asked Plaintiff if he wanted an attorney to represent him, and Plaintiff stated he wanted an attorney to have him in a trial soon, and the judge and Plaintiff went back and forth. (Compl. 21.) After the back and forth, Taylor told Plaintiff to just say he wanted Taylor to represent him, and so Plaintiff told the court yes. (Compl. 21.) At that point, Taylor told the court that Plaintiff was incompetent, which Plaintiff disputes, and argues he didn't want to wait until September, and by saying he was incompetent it bought Taylor time. (Compl. 21.) Plaintiff then puts forth facts which he argues

1 demonstrate he is not incompetent, and states Taylor got his speedy trial taken away by falsely claiming he was incompetent. (Compl. 21-23.) Plaintiff says he tried to speak out in court, and they kicked him out, and all these things are retaliation because of a lawsuit against the Hanford police department. (Compl. 22.)

Plaintiff also makes vague allegations that the setting of his trial date in relation to his preliminary hearing violated his due process because it was more than ten days after the preliminary hearing, and that because the jail law library is shut down, he could not research the specific law concerning this and thus "[t]hey are keeping inmates at a disadvantage." (Compl. 25.)

### III.

### DISCUSSION

Plaintiff brings this action against Defendants Robert H. Stover ("Stover"), identified as a public defender for Kings County, Thomas Snyder ("Snyder"), identified as a district attorney for Kings County, Jason D. Taylor ("Taylor"), identified as a public defender for Kings County, and a "K. vanbindsbergin," identified as a Kings County sheriff. Below, the Court explains why Plaintiff's claims against each of these Defendants should be dismissed without leave to amend.

**A.  Section 1983 Claims Generally**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must plead that the official has violated the Constitution through his own individual actions. Iqbal, 556 U.S. at 676; OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012). In other words, to state a claim for relief under section 1983, Plaintiffs must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

1       A person acts under color of state law when he has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Being an employee with the state "is generally sufficient to render the defendant a state actor." West, 487 U.S. at 49. "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." Id. at 50. To establish liability under section 1983, a plaintiff must sufficiently plead that the defendant is engaged in state action. Brunette v. Humane Soc'y of Ventura Cty., 294 F.3d 1205, 1209 (9th Cir. 2002).

### B.     Plaintiff's Claims against Public Defenders Taylor and Stover

      Plaintiff cannot state a cognizable § 1983 claim against his public defenders, Robert Stover or Jason Taylor for any actions they took in their capacity as representative of Plaintiff. It is well established that court appointed attorneys are not acting under color of state law for § 1983 purposes but rather act as an advocate for their client. Polk v. Dodson, 454 U.S. 312, 325 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); Walters v. Mason, No. 215CV0822KJMCMKP, 2017 WL 6344319, at *2–3 (E.D. Cal. Dec. 12, 2017); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017) ("A public defender does not act under color of state law, an essential element of a claim under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments."); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law).

1    Plaintiff's primary allegations against Defendants Stover and Taylor clearly relate to their representation of Plaintiff and their performing of traditional lawyer functions. Plaintiff's first cause of action against Stover only alleges a failure to call a police officer at the preliminary hearing held on May 3, 2017. Plaintiff's third cause of action against Stover is similarly based on the failure to call the officer at the hearing, in addition to the conflict between Plaintiff and Stover in obtaining video evidence. Plaintiff's fourth and fifth causes of action against Taylor also fail because they are only based on actions that Taylor took in representing Plaintiff while in court.

As to Plaintiff's second cause of action alleging that Stover filed a false report for a threat made by Plaintiff against Stover, to the extent Stover was not acting as Plaintiff's representative or not acting in a traditional lawyer function at that point, Stover would be considered a private actor filing a police report rather than acting under color of state law, and his claim would similarly fail. Additionally and alternatively, because the state criminal proceeding relating to the threat made by Plaintiff against Stover is ongoing, principles of comity and abstention would prevent the Court from interfering in the action, as explained below.

### C. Plaintiff's Claims against District Attorney Thomas Snyder

In Plaintiff's first and third causes of action, Plaintiff only alleges that Snyder was present at the May 3, 2017 preliminary hearing as the acting prosecutor and failed to call certain police officers as witnesses which Plaintiff claims would have resulted in demonstrating that the officers were lying about the charges against Plaintiff. Plaintiff's claims against Thomas Snyder are not cognizable. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities under proper jurisdiction. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075-77 (9th Cir.1986) (noting that judges are generally immune from § 1983 claims except when acting in "clear absence of all jurisdiction . . . or performs an act that is not 'judicial' in nature," and prosecutors are generally immune unless acting without "authority") (internal citations omitted); Walters v. Mason, No.

10

215CV0822KJMCMKP, 2017 WL 6344319, at *2 (E.D. Cal. Dec. 12, 2017) (same); Forte v. Merced Cty., No. 1:15-CV-0147 KJM-BAM, 2016 WL 159217, at *12–13 (E.D. Cal. Jan. 13, 2016) ("prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state"), report and recommendation adopted, No. 1:15-CV-0147-KJM-BAM, 2016 WL 739798 (E.D. Cal. Feb. 25, 2016); Torres v. Saba, No. 16-CV-06607-SI, 2017 WL 86020, at *3–4 (N.D. Cal. Jan. 10, 2017). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). This immunity extends to actions during both the pre-trial and posttrial phases of a case. See Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984).

Thus, to the extent Plaintiff is seeking relief against district attorney Snyder for actions taken in an official capacity, such claims would be barred.

### D. Plaintiff's Claims against Defendant "K. vanbindsbergin"

Plaintiff names a "K. vanbindsbergin," identified as a Kings County sheriff, as a Defendant in this action. (Compl. 1-2.) However, the Court cannot discern any facts or further mention of this sheriff in the complaint. Accordingly, Plaintiff has failed to state a claim against such Defendant. As described above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege an actual connection or link between the actions of the named defendant and the alleged deprivations. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Here, Plaintiff's claims are entirely focused on the actions of the public defenders and the district attorney, and the Court cannot discern how additional facts would cure such defect, and thus finds amendment would be futile against this named Defendant, and recommends this Defendant be dismissed from the action.

### E. Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is

required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223. This Court will not interfere in the on-going criminal proceedings currently pending against Plaintiff in state court. Plaintiff indicates that the criminal case proceeding based on the alleged threat Plaintiff made to Stover, and in which Taylor is the current public defender, is ongoing and set for trial in September.[3]

**F.     Habeas Relief**

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." Wilkinson, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[3] A review of the Kings County court records available online confirm that case number 19-cm-2060 is ongoing and Plaintiff is being held to answer. The Court also notes that the state court held a Marsden motion hearing on May 22, 2019. "A 'Marsden motion' is the California procedural mechanism through which a criminal defendant 'seeks to discharge his appointed counsel and substitute another attorney' on the ground that he has received inadequate representation." Mahrt v. Beard, 849 F.3d 1164, 1168 (9th Cir. 2017) (quoting People v. Barnett, 17 Cal.4th 1044, 74 Cal.Rptr.2d 121, 954 P.2d 384, 409 (1998)).

1  expunged by executive order, declared invalid by a state tribunal authorized to make such
2  determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
3  U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing
4  that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §
5  1983." Id. at 488. To the extent Plaintiff's claims challenge the fact or duration of his
6  confinement, or is seeking damages for such, they are not cognizable in a section 1983 action and
7  must be brought by a writ of habeas corpus.
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his federal rights. Plaintiff's complaint is defective in that it seeks monetary relief from defendants who are immune from such relief, names defendants who were not acting under color of state law, brings claims that relate to ongoing state criminal proceedings, or brings claims that must be brought by a writ of habeas corpus. Based on the nature of the deficiencies at issue, it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, and Plaintiff is not entitled to further leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Therefore, leave to amend should not be granted.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND and this action be CLOSED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2019**

UNITED STATES MAGISTRATE JUDGE