UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. STOVER, et al.,<br><br>Defendants. | No. 1:19-cv-00856-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 6) |

Plaintiff Ahkeem Deshavier Williams is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 18, 2019, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed due to plaintiff's failure to state a claim upon which relief may be granted. (Doc. No. 6.) Specifically, the magistrate judge found that: (1) plaintiff's § 1983 claims against the public defenders who represented him in state court criminal proceedings failed as a matter of law because they were not "act[ing] under color of state law" when representing him; and (2) plaintiff's § 1983 claims against a deputy district attorney who participated in the prosecution of state criminal charges against plaintiff failed as a matter of law because prosecutors are immune from liability under § 1983 when, as here, they are functioning

1

in their official capacities. (Doc. No. 6 at 9–12.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service. (*Id.* at 14.) Plaintiff timely filed objections on August 5, 2019. (Doc. No. 7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis. In his objections, plaintiff, in conclusory fashion, argues that he can allege § 1983 claims against his former public defenders or the prosecutor in his state court criminal case. Plaintiff, however, does not meaningfully dispute the magistrate judge's findings that plaintiff, as a matter of law, is precluded from asserting cognizable § 1983 claims those named defendants. Having found no basis upon which to question the magistrate judge's legal analysis in this regard, the court will adopt the findings and recommendations in full.[1]

Finally, on August 26, 2019, plaintiff filed a miscellaneous motion, wherein he appears to ask the court to not communicate with him until after October 15, 2019. (*See* Doc. No. 8.) In this regard, plaintiff states that he is commencing trial on September 30, 2019 and is under a great deal of stress. The relief plaintiff seeks is unclear. Nevertheless, the court will deny plaintiff's request as having been rendered moot by the passage of time. The court notes, however, that, to the extent that plaintiff was asking this court to stay its decision on whether to adopt the pending findings and recommendations until after his state criminal case had concluded, such a request would have been denied because, for the reasons discussed above, plaintiff's § 1983 claims fail as a matter of law and the outcome of his state criminal case would not change that conclusion.

/////

/////

---

[1] Plaintiff also lists "K. Vanbindsbergin," a purported "Kings County Sheriff," as a defendant in this action. As pointed out in the pending findings and recommendations, however, plaintiff's complaint alleges no facts with respect to this defendant nor is this defendant even mentioned in the complaint. (Doc. No. 6 at 11.) The court will therefore adopt the magistrate judge's recommendation to dismiss "K. Vanbindsbergin" from this action due to plaintiff's failure to state a claim against him.

2

Accordingly,

1. The findings and recommendations issued on July 18, 2019 (Doc. No. 6) are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 21, 2019**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE