UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. STOVER, et al.,<br><br>Defendant. | No. 1:19-cv-00856-DAD-SAB (PC)<br><br>ORDER FINDING APPEAL NOT TAKEN IN GOOD FAITH |

Plaintiff Ahkeem Deshavier Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 22, 2019, the court dismissed the action, concluding that plaintiff had failed to state a cognizable claim. (Doc. No. 9.) On October 30, 2019, plaintiff filed a notice of appeal. (Doc. No. 11.) On November 6, 2019, the United States Court of Appeals for the Ninth Circuit referred the matter to this court for a determination, under Federal Rule of Appellate Procedure 24(a), whether plaintiff's appeal is frivolous or taken in bad faith. (Doc. No. 14).

An appeal is taken in good faith if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). A frivolous action is one "lacking [an] arguable basis in law or in fact." *Franklin v.*

1

*Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The court dismissed this action due to plaintiff's failure to state a cognizable claim. The gravamen of plaintiff's complaint is that police officers or sheriffs coordinated with prosecutors and his public defenders to frame him in an underlying state court criminal proceeding. The court dismissed plaintiff's complaint because: (1) he cannot state a cognizable claim against his public defenders, as they were not acting under color of state law for § 1983 purposes, *see Miranda v. Clark County of Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of § 1983 in representing plaintiff's interests); and (2) he cannot state a cognizable claim against the prosecutors because prosecutors are immune from liability under § 1983 when they are functioning in their official capacities, *see Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"). (Doc. No. 9 at 1; *see also* Doc. No. 6.) Because plaintiff's claims were precluded as a matter of law, the court dismissed the action with prejudice.[1]

Plaintiff's notice of appeal does not meaningfully dispute that he is precluded from asserting his claims as a matter of law. Instead, plaintiff argues only that this court "is in coluison [sic] and is using a double standard applying the laws." (Doc. No. 11 at 1.) The undersigned, however, can discern no basis for appeal in this case other than plaintiff's mere disagreement with the court's ruling, which does not suffice to demonstrate good faith or merit.

/////

/////

/////

---

[1] Plaintiff's complaint also named as a defendant a Kings County sheriff, but alleged no facts nor did plaintiff assert any claims against this individual. Accordingly, this defendant was dismissed due to plaintiff's failure to allege an actual connection or link between the action of this defendant and the alleged deprivations.

2

Accordingly:

1. Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the court finds that the appeal is not taken in good faith; and

2. Pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), the Clerk of the Court is directed to serve this order on plaintiff and the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **November 20, 2019**

_____
UNITED STATES DISTRICT JUDGE